IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BUNKER HOLDINGS LTD., | IN ADMIRALTY |
| Plaintiff, | CASE NO.: |
| v. | |
| M/V YM SUCCESS (IMO 9294800), her tackle, boilers, apparel, furniture, engines, appurtenances, etc., *in rem*, | **VERIFIED COMPLAINT** |
| Defendant. | |

Plaintiff, BUNKER HOLDINGS LTD. (hereinafter "BUNKER HOLDINGS" or "Plaintiff"), by undersigned counsel, for its Original Verified Complaint against Defendant, M/V YM SUCCESS, IMO No. 9294800, her tackle, boilers, apparel, furniture, engines, appurtenances, etc., *in rem* (hereinafter "M/V YM SUCCESS" or "the Vessel"), alleges and pleads as follows:

## JURISDICTION AND VENUE

1.      Subject matter jurisdiction of this Honorable Court is based upon 28 U.S.C. §1333 and §31341 of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343.  Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b), and intradistrict assignment to the Tacoma Division is appropriate because the Vessel is or will be located at or near the Port of Tacoma.

2.      This is a case of admiralty and maritime jurisdiction as hereinafter more fully

VERIFIED COMPLAINT - 1

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Plaintiff invokes the maritime procedures and special relief provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for the arrest of Defendant Vessel.

3.     Jurisdiction is founded on the presence within the District of the M/V YM SUCCESS, which may be arrested and attached in accordance with the provisions of Rule C, as pled below.

## THE PARTIES

4.     At all times material hereto, Plaintiff, BUNKER HOLDINGS, was and still is a foreign corporation duly organized and existing pursuant to the laws of Cyprus, with an office in Limassol, Cyprus.

5.     Defendant, M/V YM SUCCESS, her engines, machinery, tackle, apparel, furniture, equipment, rigging, and all other necessary appurtenances thereto, IMO No. 9294800 is registered under the laws of Liberia, and is, and will be during the pendency of this action, within the jurisdiction of the United States and this Honorable Court.

## FACTS

6.     BUNKER HOLDINGS brings this action in order to recover amounts indisputably due and owing to it by Defendant, arising from the supply of bunkers to the M/V YM SUCCESS, pursuant to a maritime contract.

7.     On or about December 8, 2014, O.W. Bunker Far East (S) Pte. Ltd. ("OWB"), acting as agent for the Vessel, engaged BUNKER HOLDINGS to provide bunkers to the Vessel, at the Port of Nadhodka, Russia. *A copy of this Purchase Order Confirmation, and the related correspondence, is attached as Exhibit 1.*

8.     BUNKER HOLDINGS confirmed that it would supply the Vessel with the requested quantity of bunkers at Nadhodka, Russia, by sending OWB an Order Confirmation the same day ("bunker supply contract). *A copy of the Order Confirmation is attached hereto*

VERIFIED COMPLAINT - 2

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

1    *as Exhibit 2.*

2        9.      This bunker supply contract expressly incorporates BUNKER HOLDINGS'

3    Terms and Conditions.  Under Clause 13.2 of the specific Terms and Conditions governing

4    the bunker supply contract (*attached hereto as Exhibit 3*):

5        13.2. For the sole benefit of the Seller it is further agreed that the Seller without
         prejudice to any rights hereunder of the Seller or any claim raised pursuant to
6        Clause 13.1. above have the right to proceed against the Buyer, any third party or
         the Vessel in such jurisdiction as the Seller in its sole discretion sees fit inter alia
7        for the purpose of securing payment of any amount due to the Seller from the
         Buyer or the Owner (pursuant to a payment guarantee). In such circumstances
8        the proceedings shall be governed by the law (substantive and procedural) of
         such jurisdiction.

9

10   *Id*.  Accordingly, Plaintiff may and does now seek enforcement of a maritime lien for the

11   supply of necessaries, *i.e.* bunker fuel, under the provisions of 46 U.S.C. §§ 31341 *et seq.*

12       10.     In accordance with the bunker supply contract, between October 13 and 14,

13   2014, BUNKER HOLDINGS supplied 400.00 metric tons of IFO380-CST LSFO – 2005, and

14   3,500.00 metric tons of IFO-380 CST of fuel oil to the Vessel, at the Port of Nakhodka.

15       11.     Upon delivery of the bunkers, two (2) Bunker Delivery Receipts were signed

16   by the Vessel's Master/Chief Engineer, and stamped with the seal of the Vessel.[1]  These

17   Bunker Delivery Receipts bore BUNKER HOLDINGS' Terms and Conditions, including

18   Clause 13.2 set forth above. *Copies of the stamped Bunker Delivery Receipts are attached as*

19   *Exhibit 4.*

20       12.     The Vessel's Master and Chief Engineer are officers appointed by the vessel,

21   pursuant to the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31341 (a)(2).

22

23

24   _____

25   [1] The supplier on the Bunker Delivery Receipts is identified as Baltic Tanker Co., Ltd. ("Baltic
     Tanker").  Baltic Tanker is an agent of BUNKER HOLDINGS, which acted on behalf of BUNKER
26   HOLDINGS to supply the vessel.  Should the Court require any documents evidencing same,
     BUNKER HOLDINGS will provide to the Court.

VERIFIED COMPLAINT - 3

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

13.     By signing the Bunker Delivery Receipts, the Vessel's representatives acted on behalf of the Vessel and her Owner and/or Operator to procure bunkers, and thereby accepted them on behalf of, *inter alia,* the Vessel.

14.     The bunkers were provided at a competitive market rate, and the amount owed by the Vessel and her agent, OWB, to BUNKER HOLDINGS for this bunker delivery is USD 1,885,155. *Copies of the invoices relating to the bunker supplies are attached as Exhibit 5.*[2]

15.     Pursuant to the invoices, the deadlines for the Vessel to make payment for the bunker deliveries were November 12, 2014, and November 13, 2014. *See Exhibit 5.*

16.     As of the date of this filing, and despite demands to the Vessel and her owners and managers, BUNKER HOLDINGS has not received payment for the bunker supply. Further, OWB has failed to satisfy the outstandings.

17.     The total amount due and owing to BUNKER HOLDINGS as a result of the bunker delivery to the Vessel is USD 1,885,155.

18.     The said bunkers delivered to the Vessel were necessary to the accomplishment of her mission; to wit: trade worldwide as a commercial ship.  The Vessel's officers, representatives, and agents at the bunker delivery set forth above were authorized to order necessaries for the account and on the credit of the Vessel.

19.     The Vessel has received the benefit of the bunker delivery provided by Plaintiff and is indebted to Plaintiff, BUNKER HOLDINGS, and obligated to pay for the aforementioned goods and services.

20.     Under Clause 13.2 of BUNKER HOLDINGS' Terms and Conditions governing the contract for the sale of bunkers to the M/V YM SUCCESS, the laws of the United States are applicable for the purpose of securing payment of any amount due and owing to the Plaintiff.  Accordingly, Plaintiff may and does now seek enforcement of a

---

[2] One of the invoices attached was issued by RNG Trading SA, a financial agent of Bunker Holdings, on behalf of Bunker Holdings.

VERIFIED COMPLAINT - 4

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

1   maritime lien for the supply of necessaries, *i.e.* bunker fuel, under the provisions of 46 U.S.C.

2   §§ 31341 *et seq.*[3]

3       21.    As a result of the foregoing, BUNKER HOLDINGS has a maritime lien on the

4   M/V YM SUCCESS for the provision of  necessaries, *i.e.* bunker fuel, enforceable in

5   admiralty in accordance with the provisions of Rule C of the Supplemental Rules for Certain

6   Admiralty and Maritime Claims.

7       22.    Plaintiff has performed all conditions precedent to warrant full and complete

8   payment for the aforementioned services.

9       23.    Payment of all sums has been duly demanded by Plaintiff from the Vessel and

10  its owners, managers, and agents; however, to date, Defendant has neglected, failed, or

11  otherwise refused to pay the outstanding aggregate sum of **USD 1,885,155**, plus interest and

12  costs, which is indisputably due and owing for the bunkers under the relevant bunker supply

13  contract.

14  <u>**ALLEGATIONS IN SUPPORT OF RULE C ARREST**</u>

15      24.    Plaintiff repeats and re-alleges each and every allegation contained in

16  paragraphs "1" through "23" and incorporates those allegations herein.

17      25.    OWB, as agents for the Vessel, procured bunkers from BUNKER

18  HOLDINGS.

19      26.    BUNKER HOLDINGS supplied the Vessel with bunkers in accordance with

20  the bunker supply contract.

21      27.    The Vessel's Master/Chief Engineer accepted the bunkers supplied by

22  BUNKER HOLDINGS, on behalf of the Vessel.

23

24  _____

25  [3] The laws of the U.S. would similarly apply under Clause I.9 of OWB's Terms and Conditions (found

26  at   http://owbunker.com/wp-content/uploads/2013/12/OWB_GTC_ValidFrom01092013.pdf),  in  the
    event the Court were to determine the OWB's Terms and Conditions apply to the bunker supply
    contract.

VERIFIED COMPLAINT - 5

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

28.      As a result of Defendant's failure to pay the amounts owed to Plaintiff for the bunkers supplied to the Vessel, under the terms of the bunker supply contract, Plaintiff's claim for the amount of USD 1,885,155, plus interest and costs, attaches as a maritime lien on the said vessel in favor of Plaintiff and is enforceable under the provision of 46 U.S.C. § 31341 *et seq*. with suit *in rem*.

29.      Accordingly, Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays as follows:

A.      That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, issue against Defendant, citing it to appear and answer under oath all, and singular, the matters, alleged in the Verified Complaint;

B.      That a warrant for the arrest of the M/V YM SUCCESS be issued and that the vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein against defendant M/V YM SUCCESS, her engines, freights, apparel, appurtenances, tackle, etc., *in rem*;

C.      That after due proceedings, judgment be entered in favor of Plaintiff and against the Defendant M/V YM SUCCESS, *in rem*, for the amount of USD 1,885,155 pled herein, as well as for contractual pre-judgment interest, post-judgment interest, costs, attorney fees, and disbursements for this action;

D.      That the M/V YM SUCCESS, her engines, tackle, furniture apparel, appurtenances, *etc*., after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fees;

//

//

//

VERIFIED COMPLAINT - 6

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

1          E.     That the Court grant Plaintiff such other and further relief as may be just,

2    equitable, and proper.

3          DATED this 22nd day of December, 2014.

4                                    NICOLL BLACK & FEIG PLLC

5

6                                    _/s/ Jeremy B. Jones_____
                                     Jeremy B. Jones, WSBA #44138
                                     *Attorneys for Plaintiff*

7    *Of counsel*:
     George M. Chalos (GC-8693)

8    (*pro hac vice application forthcoming*)
     CHALOS & CO, P.C.

9    55 Hamilton Avenue
     Oyster Bay, NY 11771

10   Telephone: (516) 714-4300
     Facsimile:  (516) 750-9051

11   Email: gmc@chaloslaw.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

VERIFIED COMPLAINT - 7

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555