UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BUNKER HOLDINGS LTD.,

          Plaintiff,

   v.

M/V YM SUCCESS (IMO 9294800),

          Defendant.

CASE NO. C14-6002 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR STAY PENDING APPEAL

This matter comes before the Court on Plaintiff Bunker Holdings Ltd.'s ("Bunker Holdings") motion for stay pending appeal (Dkt. 50). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

### I. PROCEDURAL AND FACTUAL BACKGROUND[1]

On December 22, 2014, Bunker Holdings brought an *in rem* action against the *M/V YM Success* ("*YM Success*"), which is owned by Claimant Yang Ming Liberia Corp. ("Yang Ming"). Dkt. 1 ("Comp."). Bunker Holdings claimed it had a maritime lien

---

[1] A more detailed procedural and factual background is set forth in the Court's prior order. *See* Dkt. 48.

ORDER - 1

against the *YM Success* under the Commercial Instruments and Maritime Lien Act ("CIMLA"), 46 U.S.C. §§ 31301–31343. *Id.* ¶¶ 1, 28.

On December 24, 2014, Bunker Holdings arrested the *YM Success* in Tacoma, Washington. Dkt. 14. To secure the vessel's release, Yang Ming obtained a Letter of Undertaking ("LOU") from the Britannia Steam Ship Insurance Association Limited. Dkt. 59, Declaration of Frank Fu ("Fu Dec.") ¶¶ 2, 4. Yang Ming provided $2,400,000 as collateral for the LOU. *Id.* ¶ 4.

On March 3, 2016, Yang Ming moved for summary judgment. Dkt. 24. Bunker Holdings responded and cross-moved for summary judgment. Dkt. 27. On June 6, 2016, the Court granted Yang Ming's motion and denied Bunker Holding's motion. Dkt. 48. The Court entered judgment on June 17, 2016. Dkt. 49.

On June 27, 2016, Bunker Holdings moved for a stay pending appeal. Dkt. 50. On July 1, 2016, Bunker Holdings filed a notice of appeal and an emergency motion for a stay pending appeal with the Ninth Circuit. Dkts. 54, 56. That same day, the Ninth Circuit denied Bunker Holdings' motion. Dkt. 56. On July 11, 2016, Yang Ming responded to the motion pending in this Court.[2] Dkt. 57. Bunker Holdings did not file a reply.

---

[2] Yang Ming argues Bunker Holdings' motion is untimely. Dkt. 57 at 3–4. The Court entered judgment on June 17, 2016. Dkt. 49. Under Federal Rule of Civil Procedure 62(a), judgment was automatically stayed for fourteen days. Bunker Holdings filed its motion before the automatic stay expired on July 1, 2016, and therefore the Court finds the motion is timely.

## II. DISCUSSION

Bunker Holdings seeks to stay the Court's judgment to prevent the release of the LOU while Bunker Holdings pursues its appeal. Dkt. 50 at 3.

A stay pending appeal is not a matter of right, but rather "an exercise of judicial discretion" that depends upon "the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009). When deciding whether to grant a stay pending appeal, the Court considers four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012). The first two factors "are the most critical." *Id.* "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [judicial] discretion." *Nken*, 556 U.S. at 433–34.

In this case, Bunker Holdings has failed to show a stay should be granted. With respect to the first factor, Bunker Holdings must show at a minimum that there is a "substantial case for relief on the merits." *Lair*, 697 F.3d at 1204. Although Bunker Holdings disagrees with the Court's order on the parties' cross-motions for summary judgment, Dkt. 50 at 5–7, such disagreement does not present a substantial case for relief on the merits. *See Morse v. Serv. Glob. Holdings, Inc.*, C10-00628, 2013 WL 123610, at *3 (N.D. Cal. Jan. 8, 2013) ("Often a 'substantial case' is one that raises genuine matters of first impression within the Ninth Circuit. Other times, the issue on appeal may

implicate a constitutional question, or otherwise address a pressing legal issue which urges that the Ninth Circuit hear the case." (internal citations omitted)).

Even assuming Bunker Holdings has met its burden on the first factor, Bunker Holdings has not shown there is a probability of irreparable injury absent a stay. *See Lair*, 697 F.3d at 1214. Bunker Holdings argues it has serious concerns that it may not be able to enforce a judgment against Yang Ming. Dkt. 50 at 8. Bunker Holdings, however, has not presented any evidence that Yang Ming is insolvent, facing bankruptcy, or will otherwise not satisfy a future judgment. Without more, Bunker Holding's argument is mere speculation. Yang Ming, in turn, has submitted a declaration stating that it has remitted payment for the fuel deliveries to the receiver handling the OW Far East insolvency proceedings. Fu Dec. ¶ 9. Finally, "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough" to show irreparable injury. *Sampson v. Murray*, 415 U.S. 61, 90 (1974).

### III. ORDER

Therefore, it is hereby **ORDERED** that Bunker Holdings' motion for stay pending appeal (Dkt. 50) is **DENIED**.

Dated this 27th day of July, 2016.

BENJAMIN H. SETTLE
United States District Judge